Two Rivs. Entities, LLC v Sandoval (2021 NY Slip Op 01527)





Two Rivs. Entities, LLC v Sandoval


2021 NY Slip Op 01527


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Manzanet-Daniels, J.P., Kern, Kennedy, Scarpulla, JJ. 


Index No. 656906/19 Appeal No. 13229 Case No. 2020-03167 

[*1]Two Rivers Entities, LLC, Plaintiff-Appellant,
v
Tacho Sandoval, Defendant-Respondent.


Perkins Coie LLP, New York (Adam R. Mandelsberg of counsel), for appellant.
Anderson Kill P.C., New York (Jeremy E. Deutsch of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered July 7, 2020, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
Section 5.7 of the relevant operating agreement, labeled "Non-Competition," forbade any member from "directly or indirectly invest[ing] in, or engag[ing] in any business which engages in Trading Instruments or in any manner competes with the business of [Plaintiff], except for an ownership interest of less than 2% in any publicly traded Company."
Plaintiff's breach of contract claim is premised on the allegation that defendant breached this provision by acquiring more than a 2% ownership interest in Clean Coal Technologies Inc. (CCTC), a publicly traded company that focused on coal's environmental impacts. Plaintiff's contention that § 5.7 must be read to prohibit investing more than 2% in any publicly traded company is belied by the language of the provision, which unambiguously limits the prohibition on investing to a competing business.
Plaintiff further alleges that defendant engaged in fraudulent conduct when, after purchasing an interest in CCTC, he failed to timely file required SEC forms and that the filed forms misrepresented the price at which he purchased the shares. The complaint alleges that the foregoing conduct is a breach of § 7.3 of the operating agreement, which permits the termination of a member for cause when the member engages in "negligence or misconduct in the course of his membership or in the performance of the Member's duties or responsibilities" (id. subpara [a][1]) or "embezzlement, fraud or dishonesty" (id. subpara [a][v]). However, the company's remedy under § 7.3 of the operating agreement is for-cause termination of the member, not a claim for breach of contract.
Plaintiff's reliance on § 1.3 as support for its breach of contract claim is also misplaced. The complaint alleges that defendant breached §§ 5.7 and 7.3, not § 1.3. In any event, the reference in § 1.3 to members making "all filings and disclosures required by . . . laws and regulatory requirements" pertains directly to the business of plaintiff and its subsidiaries, which is the subject of the paragraph, and does not impose, as plaintiff contends, independent obligations on the part of the members with respect to their own business dealings. Accordingly, even if the breach of contract claim were based on a violation of § 1.3, dismissal would still be warranted.
As to plaintiff's second cause of action, the faithless servant doctrine states that an employee or agent who is faithless in the performance of his or her duties is not entitled to recover either salary or commission (see Feiger v Iral Jewelry , 41 NY2d 928, 928 [1977]; Wechsler v Bowman , 285 NY 284, 291—292 [1941]). Defendant, a nonmanaging member of plaintiff, was not an employee and is not alleged to have acted on plaintiff's behalf as its agent, and there are no allegations that he funneled business [*2]away to a competitor or engaged in theft. Accordingly, plaintiff's faithless servant claim was correctly dismissed.
We have examined plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021